## E. L. Foulks v. John P. Ritter, etc.

**Chattel Mortgages—Foreclosure—Necessary Party.**

In a suit to foreclose a chattel mortgage, one who sold the property to satisfy a debt owing by the mortgagor is not a necessary party.

### Appeal from Christian Circuit Court.

### December 19, 1872.

Opinion by Judge Lindsay:

The evidence presented in this record does not justify the conclusion that appellant was induced to give to Spencer authority to execute the mortgage to L. B. Ritter, by reason of any opinion given him as to its legal effect by said mortgagee in person, or by agent or attorney. It does not appear that said Ritter ever spoke to appellant on the subject, and it seems that at the time J. P. Ritter advised him as to its effect, he was acting for Spencer, and gave the opinion at the instance of appellant himself.

We would be inclined to doubt whether or not the written authority empowered Spencer to mortgage the planing mill and other property claimed by appellant, but he sets up in his petition and answer that it was intended to confer that power, and the paper executed to him by J. P. Ritter, as agent for L. B. Ritter, exonerating him from personal liability, in terms ratifies and approves the mortgage then written, which mortgage embraced this property.

Appellant was not a necessary party to the proceeding to enforce the mortgage. He did not, as matter of law, own the planing mill, etc. He held the title thereto to secure the debt owed him by Spencer, and as indemnity on account of his suretyships for him. When he gave Spencer authority to mortgage the property to L. B. Ritter, he released all claim to it, except as between himself and his debtor.

He failed to show that he was damaged by the sale made by the commissioner, or that any fraud had been practiced on him by the mortgagee.

It is no ground of complaint that the mortgage of J. P. Ritter on the individual interest of Abell was enforced, inasmuch as it is clear that the entire property will not satisfy L. B. Ritter's claim, and pay firm debts contracted after Spencer became a partner.

Judgment *affirmed.*

*Feland, Phelps & Son,* for appellant.

*McPherson, Champlin, Ritter,* for appellees.